UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR MANUEL PEREZ BARRIOS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN OF IMPERIAL REGIONAL<br><br>DETENTION FACILITY, *et al*.,<br><br>Respondents. | Case No.:  26-cv-1365-JO-BLM<br><br>**ORDER GRANTING THE AMENDED PETITION FOR WRIT OF HABEAS CORPUS [DKT. 10]** |

For the reasons stated at Dkt. 13, the Court GRANTS the amended habeas petition [Dkt. 10] and ORDERS as follows:

1. Respondents shall RELEASE Petitioner by 5 p.m. on March 26, 2026. Respondents shall file an affidavit attesting to Petitioner's release by 5 p.m. on the following business day.

2. The Court ENJOINS Respondents from redetaining Petitioner during the pendency of his removal proceedings without first providing a bond hearing before an immigration judge to justify the deprivation of his liberty interest.  At any such hearing, the government must carry its burden of demonstrating, by

1

clear and convincing evidence, that Petitioner poses a danger to the public or a flight risk that warrants his detention.  *See Singh v. Holder*, 638 F.3d 1196, 1203–05 (9th Cir. 2011).  Respondents SHALL NOT deny Petitioner bond on the basis that 8 U.S.C. § 1225(b) requires or authorizes mandatory detention.  *See Pacheco v. LaRose*, No. 3:25-CV-2421-JO-AHG, 2026 WL 242300, *3–*5 (S.D. Cal. Jan. 29, 2026).  The immigration judge must consider Petitioner's financial circumstances and alternatives to bond as necessary in setting conditions of release.  *See Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

3.  Respondents shall file a declaration attesting to full compliance with these obligations.  Respondents are ENJOINED from redetaining Petitioner **until 48 hours after** filing the declaration.

4.  The March 26, 2026 hearing is VACATED.

5.  The Clerk of the Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 25, 2026

_____

Honorable Jinsook Ohta
United States District Judge

2

26-cv-1365-JO-BLM